IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUDY CASTANEDA, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-22-CA-1353-FB |
| | § | |
| STATE OF NEVADA; DOES 1-5, INCLUSIVE; | § | |
| JONI ABRAHAM; VIARA HRISTOV; SHEILA | § | |
| THOMKINS-HESS; DEVRON MCKINNEY; | § | |
| TIFFANY DYER; and HAYLEY JAROLIMEK, | § | |
| | § | |
|    Defendants. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge

filed in the above styled and numbered cause on April 11, 2023 (docket #12), and the Objection to the

Judge's Report and Recommendation Dated April 11, 2023, filed by the plaintiff on April 24, 2023

(docket #15).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court

need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall

make a de novo determination of those portions of the report or specified proposed findings and

recommendations to which objection is made.").   In such cases, the Court need only review the

Memorandum and Recommendation and determine whether they are either clearly erroneous or contrary

to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de

novo review by the Court.  Such a review means that the Court will examine the entire record, and will

make an independent assessment of the law.  The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Farrer recommends the Plaintiff's Amended Complaint Pursuant to 15(a) F.R.C.P. (docket #11) be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). This recommendation is based in part on the finding that: (1) Plaintiff's Title VII claims cannot be brought in this Court because there is no evident connection to Texas or the Western District of Texas in Plaintiff's pleadings and these claims are time-barred; (2) to the extent Title VII claims are asserted against the individuals named in the amended complaint, these claims are unavailable because Title VII does not impose individual liability; (3) Plaintiff's claims pursuant to § 1981 and the ADEA against the Department and its employees are barred by the immunity doctrine; (4) venue in this Court and the Western District of Texas is improper because this Court lacks personal jurisdiction over all the named Defendants; and (5) the Plaintiff has failed to plead that any employment discrimination occurred because of race, national origin, or age.

The Court has reviewed the Plaintiff's objections and conducted a de novo review of those issues raised by the Plaintiff. The Court finds, after careful consideration of the record and the Report and Recommendation, that the objections lack merit. Therefore, this Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation filed on April 11, 2023 (docket #12). The Report and Recommendation shall be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case shall be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge, filed in this case on April 11, 2023 (docket #12), is ACCEPTED such Plaintiff's

Amended Complaint and case are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous.

Motions pending, if any, are also DISMISSED as moot, and this case is now CLOSED.

In addition, Plaintiff is given notice that the repeated filing of frivolous IFP applications may result in future sanctions. The range of sanctions available includes assessing monetary fines or designating Plaintiff Castaneda as a "vexatious litigant" and enjoining him from filing any civil lawsuit in this district without first obtaining permission. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008); FED. R. CIV. P. 11(b).

It is so ORDERED.

SIGNED this 28th day of April, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE